**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-03145-CMA-KMT

SHAUN VAN DYKE,

 Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, a Maryland corporation,

 Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

---

  This matter is before the Court on the Motion for Summary Judgment of Defendant, Corrections Corporation of America ("CCA"). (Doc. # 33.) Plaintiff, Shaun Van Dyke, alleges that CCA violated his Eight Amendment rights under 42 U.S.C. § 1983, and committed outrageous conduct and negligence when he was assaulted by fellow inmates following the disclosure of information on a Sexually Violent Predator ("SVP") form. The motion is ripe for review.[1] Jurisdiction is proper under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state-law claims).

  Upon review of the parties' briefing and evidence referenced therein, the Court determines that genuine issues of material fact preclude the Court from granting

---

[1] CCA filed this motion on November 30, 2013, Van Dyke responded on February 5, 2013, and CCA replied on February 27, 2013.

1

summary judgment on Van Dyke's § 1983 and negligence claims. However, the Court analyzes separately his outrageous conduct claim.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Muskogee*, 119 F.3d 837, 841 (10th Cir. 1997). A fact is "material" if, under the pertinent substantive law, it is essential to the proper disposition of the claim. *See, e.g.*, *Wright v. Abbott Labs, Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). When reviewing a summary judgment motion, the Court views the record, and draws all reasonable inferences therefrom, "in the light most favorable to the party opposing summary judgment." *Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1146 (10th Cir. 2007).

Where, as here, the movant does not bear the ultimate burden of persuasion at trial, "it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998)). If the movant meets its burden, the non-movant may not rest on its pleadings; instead, it must "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325-26 (1986) (internal quotation marks omitted).

## III. ANALYSIS

CCA asserts that it is entitled to summary judgment on Van Dyke's outrageous conduct claim. The Court agrees.

Since *Rugg v. McCarty*, 476 P.2d 753 (Colo. 1970), Colorado law has recognized the tort of outrageous conduct, which is also sometimes called "intentional infliction of emotional distress." The elements of liability for this tort are that: (1) the defendant engaged in extreme and outrageous conduct, (2) the defendant behaved recklessly or with the intent to cause severe emotional distress to the plaintiff, and (3) the plaintiff suffered severe emotional distress that was caused by the defendant's conduct. *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994). "Outrageous conduct" is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Destefano v. Grabrian*, 763 P.2d 275, 286 (Colo. 1988). The Colorado Supreme Court explained:

> A person acts with intent to cause severe emotional distress when he engages in conduct with the purpose of causing severe emotional distress to another person, or he knows that his conduct is certain or substantially certain to have that result. A person acts recklessly in causing severe emotional distress in another if, at the time of the conduct, he knew or reasonably should have known that there was a substantial probability that his conduct would cause severe emotional distress to the other person.

*Culpepper,* 877 P.2d at 882 (citation omitted).

Although the jury usually determines as a matter of fact whether the conduct at issue was outrageous, "it is first the responsibility of a court to determine whether reasonable persons could differ on the question." *Culpepper*, 877 P.2d at 883. "Where

it is clear to the court that the conduct complained of cannot be considered as rising to the egregious standard required, a claim for outrageous conduct is properly dismissed." *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140, 1146 (D. Colo. 2000).

In the instant case, Van Dyke alleges that a CCA case manager left a SVP form on his desk, which other inmates obtained and used as a catalyst for his assault. Van Dyke further alleges that the case manager failed to report the disclosure of his SVP form to his supervisors and properly secure his safety from the inmates. Although such conduct is perhaps negligent, it does not "go beyond all possible bounds of decency" or rise to the level of being "atrocious . . . and utterly intolerable in a civilized community." *Destefano*, 763 P.2d at 286; *see Llewellyn v. Allstate Home Loans, Inc.*, 795 F. Supp. 2d 1210 (D. Colo. 2011) (concluding that the conduct of a furnisher of information, who delayed in investigating a consumer's complaints, "at most amounts to negligence, and therefore does not rise to the level of extreme and outrageous conduct"). This is particularly true in light of the undisputed fact that the case manager asked Van Dyke whether he wanted to be moved or to have the matter investigated. Van Dyke has not demonstrated the "extremely high" level of outrageousness required for this claim. *Pearson v. Kancilia*, 70 P.3d 594, 597 (Colo. App. 2003). Accordingly, CCA is entitled to summary judgment on Van Dyke's outrageous conduct claim.

Case 1:11-cv-03145-CMA-KMT   Document 72   Filed 08/01/13   USDC Colorado   Page 5 of 5

5

## IV. **CONCLUSION**

Accordingly the Court ORDERS that Defendant's Motion for Summary Judgment (Doc. # 33) is GRANTED IN PART with respect to Plaintiff's outrageous conduct claim and DENIED IN ALL OTHER RESPECTS.

DATED: August   01  , 2013

BY THE COURT:

*/s/ Christine M. Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge